NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINIMED CARE, P.A., : : Plaintiff, : : v. : : PEOPLES MANAGEMENT : RESOURCE, INC., ET AL., : : Defendants. : : | Civ. No. 09-1197 (GEB) **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for default judgment filed by Plaintiff Minimed Care, P.A. ("Plaintiff"). (Doc. No. 8.) Defendants Peoples Management Resource, Inc., and Andrew Gottlieb (collectively "Defendants") did not answer Plaintiff's complaint, and have not opposed Plaintiff's present motion for default judgment. The Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will grant Plaintiff's motion for the reasons that follow.

**I.   BACKGROUND**

On March 17, 2009, Plaintiff filed a complaint that alleges Defendants have wrongfully withheld $150,000 that Plaintiffs had placed in escrow with Defendants to secure a loan between the parties that was never consummated. (Compl. pp. 2-4; Doc. No. 1.) Based upon the factual allegations in the complaint, Plaintiff lodges the following four counts against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) breach of fiduciary duty. (*Id.* at 2-6.) As a remedy, Plaintiff seeks money

damages of $150,000 plus interest, fees, and costs of suit. (*Id.*) On June 5, 2009, the Clerk of the Court entered default against Defendants. On August 19, 2009, Plaintiff filed the present motion for default judgment. (Doc. No. 8.) On March 5, 2010, this case was reassigned to the undersigned.

## II.   DISCUSSION

### A.   Legal Standard

Default is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. Apr. 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such

judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

    **B. Application**

Applying this standard to the facts alleged in Plaintiff's submissions, the Court determines that an entry of default judgment against Defendants is appropriate in this case because: (1) Defendants have not proffered and do not appear to have a meritorious defense to Plaintiff's allegations; (2) Plaintiff has suffered and will continue to suffer prejudice because of the amount withheld by Defendants; and (3) Defendants appear culpable for the conduct alleged in Plaintiff's complaint. As such, the Court will grant Plaintiff's motion for default judgment as to Defendants' liability for $150,000 plus interest, fees, and costs of suit. Further, the Court shall order Plaintiff to promptly submit a written certification that details with supporting documentation the interest, fees, and costs of suit for which Defendants are liable.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment against Defendants will be granted as to Defendants' liability for $150,000 plus interest, fees, and costs of suit. The Court shall order Plaintiff to promptly submit a written certification that details with supporting documentation the interest, fees, and costs of suit for which Defendants are liable. An appropriate form of order accompanies this memorandum opinion.

Dated: March 9, 2010

                            /s/ Garrett E. Brown, Jr.
                           GARRETT E. BROWN, JR., U.S.D.J.